**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stella Weiskopf, | CIV 13-1979-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Stella Weiskopf's application for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 47). After reviewing the arguments of the parties, the Court now issues the following ruling.

On October 14, 2010, Plaintiff filed an application for disability insurance benefits and supplemental security income alleging disability beginning March 6, 2009. Plaintiff's claims were denied initially and on reconsideration. Thereafter, Plaintiff requested a hearing before an administrative law judge, and a hearing was held on April 9, 2012. Afterwards, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, affirmed the decision of the ALJ, finding that: (1) the ALJ properly weighed the medical source opinion evidence; and (2) the ALJ provided a sufficient basis to find Plaintiff's

allegations not credible. Thereafter, Plaintiff appealed the Court's decision to the Ninth Circuit Court of Appeals.

On August 4, 2017, the Ninth Circuit issued its Mandate, finding that the ALJ's decision was not supported by substantial evidence, and remanding this matter back to the district court with instructions to remand to the Commissioner for further proceedings. Specifically, the court found, as follows:

> The ALJ did not set forth clear, specific and legitimate reasons for rejecting the medical opinions of Appellant's treating pain management specialist and treating neurologist in determining Appellant's ability to do work-related activities. These two treating physicians provided opinions of her functional capacity. The ALJ rejected both opinions, assigning one of them "little weight" and the other "limited weight." But she failed to provide specific and legitimate reasons for doing so. *See Orn*, 495 F.3d at 632 ("Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." (quoting *Redding v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998))). The ALJ recited portions of treating physicians' treatment notes and then simply stated their opinions of Weiskopf's functional capacity were inconsistent with the notes. The ALJ failed to explain why the conclusion she drew from the treatment notes—that Weiskopf can perform limited, sedentary work—makes any more sense than the treating physicians' conclusions. ...
>
> The ALJ thus did not sufficiently explained why the treating physicians' opinions did not deserve "controlling weight," and further, she completely failed to explain why the opinions merited only "little" and "limited" weight. Even when there is substantial evidence contradicting a treating physician's opinion such that it is no longer entitled to controlling weight, the opinion is nevertheless "entitled to deference." *Orn*, 495 F.3d at 633 (quoting SSR 96-2P, at *4). To determine the amount of deference, the opinion "must be weighed using all of the factors provided in 20 C.F.R. [§] 404.1527." SSR 96-2P, at *4. These factors include, among others, the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c). The ALJ did not engage in this analysis.
>
> Furthermore, the ALJ did not properly analyze Weiskopf's evidence of fibromyalgia. The ALJ did not consider fibromyalgia when determining Weiskopf's residual functional capacity, even though she was supposed to consider all medically determinable impairments (MDIs) — even those that are not severe. *See* 20 C.F.R. § 404.1545 ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."). The ALJ explained that she refused to do so because "examinations d[id] not reveal any trigger point tenderness." This analysis was at odds with Social Security Ruling 12-2P. The ruling describes two ways that fibromyalgia may be determined to be an MDI, only one of which requires trigger point tenderness. The ALJ ignored the second possible basis for finding that a claimant has an MDI of fibromyalgia:

> 1) A history of widespread pain . . .;
> 2) Repeated manifestations of six or more FM symptoms, signs, or cooccurring conditions especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and
> 3) Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

SSR 12-2P, at *3. She therefore failed to adequately explain why she did not consider Weiskopf's fibromyalgia in her residual functional capacity determination.

The EAJA allows "a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). For this position to be substantially justified, it must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (holding that substantially justified means having a reasonable basis both in law and fact). In EAJA actions, the government bears the burden of proving that its position was substantially justified. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005). However, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 2008); see also Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir.

1998) ("The government's position must be substantially justified at each stage of the proceedings.").

Plaintiff moves for an award of attorney's fees and expenses under the EAJA in the amount of $20,947.58. Defendant opposes Plaintiff's request, arguing that the government's position was substantially justified.

It is undisputed that Plaintiff is the prevailing party. Therefore, the issue before the Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Having reviewed the parties' pleading and the record in this matter, the Court concludes that Defendant's decision to defend the ALJ's determination was not substantially justified.

In its response, the government argues that, although the Ninth Circuit did not agree, the Commissioner properly outlined facts from the record and relevant case law supporting her position that the reasons the ALJ gave to discount Drs. Sahai's and Qureshi's opinions, the opinion of PA Scholzen, and Plaintiff's subjective complaints were valid and supported by the record. Defendant argues that the Ninth Circuit's remand "appears generally based on the ALJ's lack of proper articulation in identifying specifics regarding the opinions of Drs. Sahai and Qureshi and provided more discussion on Plaintiff's fibromyalgia ... ." Defendant also contends that "[a]t least two reasonable minds—the ALJ and this Court's—agreed that Plaintiff was not disabled under the strict standards of the Act. In light of these findings, the Court should find that the Commissioner's position—both at the agency level and before this Court—had a reasonable basis in law and fact ... ."

As stated previously, the Ninth Circuit determined that the ALJ's decision was not supported by substantial evidence. The court specifically found that the ALJ failed to set forth clear, specific and legitimate reasons for rejecting the medical opinions of Plaintiff's treating pain management specialist and treating neurologist in determining Plaintiff's ability to do work-related activities. The court found that the ALJ rejected both opinions, assigning one of them "little weight" and the other "limited weight," but she failed to provide specific and legitimate reasons for doing so. Further, the court found that the ALJ failed to properly

analyze Plaintiff's evidence of fibromyalgia, even though she was supposed to consider all medically determinable impairments – even those that are not severe.

The ALJ's errors in improperly weighing the medical source opinion evidence were a clear procedural errors and, as such, the Court cannot say that the Commissioner's defense of the ALJ's findings were substantially justified. See Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record for so doing.").

Defendant argues that the Ninth Circuit was primarily concerned with the ALJ's lack of proper articulation. This argument is not persuasive. Legal errors such as those committed by the ALJ here are procedural errors, and defense of such is not substantially justified under established Ninth Circuit precedent.

Defendant also contends that since both the ALJ and this Court agreed that Plaintiff was not disabled, the Court should find that the Commissioner's position had a reasonable basis in law and fact. Although it is proper to consider the government's past successes when evaluating substantial justification, see Meier v. Colvin, 727 F.3d 867, 873 (9th Cir. 2013) (citing Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002)), success at the district court level alone – without legitimate reasons supported by substantial evidence – does not make the government's position substantially justified, see id. at 872-73.

Here, the Commissioner has failed to produce sufficient reasons supported by substantial evidence to defend the government's position. Thus, the Commissioner's success

at the district court, without more, fails to demonstrate that the government's position is substantially justified. Therefore, Plaintiff is entitled to reasonable attorney's fees under the EAJA.

Because Plaintiff is entitled to attorney's fees, the Court will determine whether the requested fees are reasonable. Plaintiff moves for an award of attorney's fees and expenses under the EAJA in the amount of $20,947.58. Along with his application, Plaintiff's counsel has filed an Itemization of Services and Affidavit indicating that the fee amount represents 104.9 hours of attorney time, 7.4 hours of paralegal time, and expenses associated with this case. Defendant has not objected to the number of hours spent on this matter or to the hourly rate. The Court finds that Plaintiff's request for a total cumulative fee award of $20,947.58 is reasonable. Plaintiff's application for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 47) will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for attorney's fees under the Equal Access to Justice Act (Doc. 47) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded $20,947.58 pursuant to the Equal Access to Justice Act;

**IT IS FURTHER ORDERED** that, this award shall be payable to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to Astrue v. Ratliff, 560 U.S. 586, 594 (2010)

DATED this 24th day of January, 2018.

_____
Michelle H. Burns
United States Magistrate Judge